IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESO ANNE TERNES, and TERESO ANNE TERNES in her capacity as Trustee of the TERNES FAMILY TRUST, <br><br>        Plaintiffs, <br><br>vs. <br><br>KIMBERLY K. TERNES, TERRENCE DAN MARTIN, and RE-NEW WOOD, INC., an Oklahoma corporation, <br><br>        Defendants. | Case No. 08-CV-455-FHM |

## OPINION AND ORDER

Defendants' Motion to Dismiss [Dkt. 31] is before the court for decision. Defendants seek dismissal of this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The matter has been fully briefed and is ripe for decision. Defendants' motion is GRANTED in part and DENIED in part as provided herein.

Plaintiffs' First Amended Complaint alleges that Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs and therefore federal jurisdiction is established under 28 U.S.C. § 1332(a)(1). [Dkt. 28, p. 2 ¶ 5]. Defendants assert that the action should be dismissed because, although Plaintiffs are residents of Arkansas and Defendants are Oklahoma residents, some of the claims asserted by Plaintiffs are ones that may be brought only by the corporate defendant, Re-New Wood, Inc. Since Re-New Wood, Inc. is an Oklahoma corporation, Defendants argue its proper alignment as a party plaintiff destroys complete diversity of citizenship which then requires dismissal of the action for lack of subject matter jurisdiction.

Plaintiffs oppose dismissal, arguing that there is authority for exercise of the court's discretion to permit the assertion of Plaintiffs' claims directly against Re-New Wood, Inc. and not as shareholder derivative claims. Plaintiffs further assert that since Defendant Kimberly Ternes was the sole living director as well as acting President and Chief Executive Officer of Re-New Wood, Inc. and had misappropriated corporate funds, Re-New Wood, Inc. and Plaintiffs were antagonistic at the time this suit was filed. Therefore, the parties are properly aligned and completely diverse. Alternatively, Plaintiffs argue that if the court determines that it does not have jurisdiction over the claims asserted against Re-New Wood, Inc., it is appropriate for the court to exercise supplemental jurisdiction over those claims.

Plaintiffs' damage claims[1] stem from the actions allegedly taken by the individual defendants, Kimberly Ternes (Kimberly) and Terrence Dan Martin (Martin), with respect to certain property. The property falls into two categories: the Verdigris Valley Farm (Farm) property; and Re-New Wood, Inc. (Corporation) property. There is no question that there is diversity of citizenship between Plaintiffs and Defendants Kimberly and Martin with respect to the Farm property as that property is owned directly by the Trust and the Trust is a citizen of Arkansas whereas Defendants Kimberly and Martin are Oklahoma residents. The amount in controversy meets the jurisdictional minimum and therefore federal jurisdiction exists over the claims asserted against Defendants Kimberly and Martin

---

[1] This Opinion and Order addresses the third cause of action and the fourth cause of action to the extent it asserts claims concerning Re-New Wood, Inc., Inc. property. The parties have not addressed the first and second cause of action (application for shareholder meeting and accounting) in their supplemental briefing. Based on the attachments submitted to the court, it appears that those matters have been resolved.

concerning the Farm property under 28 U.S.C. § 1332(a)(1). Therefore, Defendants' Motion to Dismiss is DENIED as to those claims.

Plaintiffs' interest in the Corporation's property is as 51% shareholder. In the Amended Complaint, Plaintiffs allege: "Kim Ternes breached the trust placed in her by Plaintiff and the other shareholders of Re-New Wood by, for example, misappropriating various assets and substantial funds belonging to Re-New Wood [and] paying for personal expenses with Company funds[.]" [Dkt. 28, p. 7]. These allegations are wrongs committed against the Corporation. It is well-established that under Oklahoma law,[2] "[t]he rights of shareholders to redress wrongs against the corporation resulting from the acts or omissions of its officers and directors are derivative. Any action by shareholders to redress those wrongs must be maintained for the benefit of the corporation." *Beard v. Love*, 173 P.3d 796, 802 (Ok. Civ. App. 2007) (citing *Weston v. Acme Tool Inc.,* 441 P.2d 959, 962 (Okla. 1968)). See also *Dobry v. Yukon Electric Co.*, 290 P.2d 135, 137 (Okla. 1955)(stating the universal rule that rights of stockholders with respect to wrongs committed against the corporation by the directors in the management of corporate affairs are derivative rights and action taken by the stockholders to redress such wrongs must be for the benefit of the corporation). Based on this authority, the undersigned finds that Plaintiffs may not maintain an action directly against the Corporation.

Plaintiffs argue against this result, citing cases from other jurisdictions which have allowed direct shareholder action. Notably, Plaintiffs have not pointed the court to any cases in which Oklahoma has adopted this approach. Since Oklahoma law is clear, this

---

[2] In a diversity action the court applies the substantive law of the forum state-here, Oklahoma. *Skidmore, Owings & Merrill v. Canada Life Assur. Co.*, 907 F.2d 1026, 1027 (10th Cir.1990).

court is not free to adopt the reasoning in the cases cited by Plaintiffs and allow maintenance of an individual action against the Corporation. Moreover, even if Oklahoma were to permit the maintenance of an individual action, Plaintiffs have not alleged the type of circumstances that would remove this case from the ambit of a derivative action.

Plaintiffs assert that, as masters of their Complaint, they chose to assert their claims against the corporation only as direct claims and should not be compelled to maintain this action as a shareholder derivative suit. Plaintiffs argue that if the court determines that they may not maintain this action as an individual action against the Corporation, then those claims should be dismissed without prejudice rather than being re-cast as shareholder derivative claims.

Since the court has determined that, under Oklahoma law, Plaintiffs may not maintain this action against the Corporation as individuals, and since Plaintiffs have expressed that they do not wish to assert a derivative claim, to the extent that they assert claims against the Corporation, the third and fourth causes of action are dismissed without prejudice. The court rejects Defendants' assertion that the entire case must be dismissed. The court has authority, under Fed. R. Civ. P. 21, to drop claims and parties from the action. *See Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998)(it is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time to preserve diversity jurisdiction).[3]

---

[3] *Exxon Mobil v. Allapattah Services, Inc.,* 545 U.S. 546, 125 S.Ct. 2617-18, 162 L.Ed.2d 502 (2005), cited by Defendants, does not require dismissal of the entire action. The Court's discussion of the requirement of complete diversity does not address the situation presented here.

Defendants have not asserted that the Corporation is an indispensable party. Further, the court finds that Re-New Wood, Inc. is not an indispensable party to this action. A party is necessary and therefore indispensable if: (1) the court cannot accord complete relief among existing parties in that person's absence; or (2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may impair or impede the person's ability to protect the interest, or leave an existing party subject to a substantial risk of incurring multiple or inconsistent obligations. *Wilderness Society v. Kane County, Utah*, 581 F.3d 1198, 1217 (10th Cir. 2009). The claims concerning Defendants' treatment of Farm property, over which the court has jurisdiction, and the claims concerning the Corporation's property involve the same parties and also involve assertions of conversion, claims of breach of fiduciary duty, and the claim that misappropriated property is subject to a constructive trust. There is no allegation that the Corporation has any interest in the Farm property. Further, there has been no showing that the claims are factually related or that proof of the claims will be factually interdependent so as to require that all of the claims be addressed in a single action.

In light of the court's determination that Plaintiffs may not assert a direct action against the Corporation, and the determination that the Corporation is not an indispensable party which may therefore be dismissed, it is not necessary to address the remaining issues raised and briefed by the parties.

Based on the foregoing, the claims asserted in the First Amended Complaint against Re-New Wood, Inc. in the third cause of action and the fourth cause of action to the extent it assert claims concerning Re-New Wood, Inc., are dismissed, without prejudice, for lack

of subject matter jurisdiction.  Defendants' Motion to Dismiss [Dkt. 31] is GRANTED in part and DENIED in Part.

The parties are directed to confer and to submit an agreed proposed scheduling order for the remaining claims on or before February 1, 2010.

SO ORDERED this 21st day of January, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE